Edmund S. Aronowitz (P81474)
edmund@aronowitzlawfirm.com
**ARONOWITZ LAW FIRM PLLC**
2609 Crooks Road #290
Troy, Michigan 48084
Telephone: (248) 716-5421
Facsimile: (248) 419-1032

*Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JAIME EDMONDSON LONGORIA, LUCY PINDER, and RHIAN SUGDEN,<br><br>         Plaintiffs,<br>   v.<br><br>CDDM CORPORATION d/b/a CENTERFOLDS OF LANSING f/k/a DREAM GIRLS,<br><br>         Defendant. | Case No. 1:19-cv-00032<br><br>**COMPLAINT FOR:**<br><br>(1) Misappropriation of Likeness;<br>(2) False Endorsement, 15 U.S.C. § 1125(a); and<br>(3) Violations of the Michigan Consumer Protection Act, M.C.L.A. 445:901, *et seq.*<br><br>**Jury Trial Demanded** |

Plaintiffs Jaime Edmondson Longoria, Lucy Pinder, and Rhian Sugden ("Plaintiffs") set forth and allege as follows:

## INTRODUCTION

1.    This case is about a strip club's unauthorized use of professional models and actresses' likenesses on various social media channels to promote the strip club's business interests in violation of the models' rights under state and federal law and for which the models are entitled to compensation.

## PARTIES

### A.   Plaintiffs

2.     Plaintiff Jaime Edmondson Longoria ("Longoria") is, and at all times relevant to this action was, a professional model and actress, and a resident of Arizona.

3.     Plaintiff Lucy Pinder ("Pinder") is, and at all times relevant to this action was, a professional model and actress, and a resident of United Kingdom.

4.     Plaintiff Rhian Sugden ("Sugden) is, and at all times relevant to this action was, a professional model and actress, and a resident of United Kingdom.

### B.   Defendant

5.     Upon information and belief, CDDM Corporation ("Defendant") is a domestic profit corporation organized and existing under the laws of the State of Michigan with a registered office address of 30300 Northwestern Highway, Suite 312, Farmington Hills, Oakland County, Michigan, 48334.

6.     Defendant's resident agent for service of process is Mark A. Goldman, 30300 Northwestern Highway, Suite 312, Farmington Hills, Oakland County, Michigan, 48334.

7.     Upon information and belief, Defendant is now, and at all times mentioned herein was, the operator of Centerfolds of Lansing ("Centerfolds"), which is a strip club, located at 5910 S. Pennsylvania Ave., Lansing, Ingham County, Michigan 48911.

8.     On information and belief, Defendant is the holder of a Michigan Liquor Control Commission Class C Liquor License with Permits for Sunday Sales, Dancing-Entertainment, Topless Act, and Additional bar for 5910 E. Pennsylvania Ave., Lansing, Ingham County, Michigan, 48911.

9.     Defendant has filed certificates of assumed name to transact business under the assumed names Tropical Dreams and Cheetah's of Lansing.

10.     On information and belief, Defendant also transacted business under the assumed names Dream Girls and Centerfolds.

11.     On information and belief Centerfolds was formerly known as Dream Girls and Cheetah's of Lansing.

## JURISDICTION AND VENUE

12.     This Court has federal question jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiffs allege violations of 15 U.S.C. §1125, *et seq*., (Lanham Act).

13.     Venue is proper in this Court under 28 U.S.C. § 1391(b), (c)(2), and (d) because Defendant resides in and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Western District of Michigan.

## FACTUAL ALLEGATIONS

### A.   A Model's Reputation Impacts the Commercial Value of Their Images and Likenesses

14.   Each Plaintiff is, and at all times mentioned herein was, a professional model and actress who earns a living by commercializing her identity, image, and likeness for many business endeavors, including the advertisement and promotion of products and services through negotiated, arms-length transactions with reputable commercial brands and companies.

15.   A model's reputation directly impacts the commercial value associated with the use of her image, likeness, or identity to promote a product or service. As such, she has the right to control the commercial exploitation of her name, photograph, and likeness.

16.   Each Plaintiff expended and continues to expend substantial effort, resources, and time in building her reputation in the modeling and/or acting industries.

17.   Each Plaintiff carefully considers the reputation, brand, and type of good or service advertised by any potential client prior to authorizing the use of her image or likeness.

18.   Each Plaintiff's career in modeling and acting has substantial value derived from the goodwill and reputation each has built. Each Plaintiff commands substantial sums of money for the licensed commercial use of her image.

**B.  Defendant Used Plaintiffs' Likenesses to Promote Defendant's Business Interests without Plaintiffs' Authorization or Consent**

19.  Upon information and belief, Defendant owns, operates, and/or controls various social media accounts, including Facebook accounts https://www.facebook.com/pg/Centerfolds-279908358837010/ and https://www.facebook.com/Centerfolds-of-lansing-167812459944322/, as well as the website centerfoldsoflansing.net through which it promotes, endorses, and markets Centerfolds, solicits customers for Centerfolds, and advertises events for Centerfolds.

20.  Upon information and belief, Defendant has, and at all times mentioned herein had, control over the contents of its social media accounts.

21.  Defendant has brazenly and repeatedly, without consent, misappropriated Plaintiffs' images and likenesses for use in its advertising materials produced to market and promote Centerfolds.

22.  The following are examples of Defendant's unauthorized uses of Plaintiffs' images identified so far on Defendant's social media accounts including Facebook accounts https://www.facebook.com/pg/Centerfolds-279908358837010/ and https://www.facebook.com/Centerfolds-of-lansing-167812459944322/:

| *Plaintiff* | *Date* | *Image URL* |
|---|---|---|
| Longoria | 2/2/2016 | https://www.facebook.com/279908358837010/photos/a.502068566620987/537382356422941/?type=3&theater |
|  |  |  |
| Pinder | 11/24/18 | https://www.facebook.com/279908358837010/photos/a.308812402613272/1087177808110057/?type=3&theater |

| | | |
|---|---|---|
| Sugden | 6/19/2016 | https://www.facebook.com/279908358837010/photos/a.5 02068566620987/595241333970376/?type=3&theater |

23.    Defendant's use of Plaintiffs' images and likenesses was for Defendant's commercial benefit. Defendant used the images to drive traffic to Centerfolds and increase revenue.

24.    Defendant's use of the Plaintiffs' images on Defendant's social media accounts falsely suggests Plaintiff's sponsorship of, affiliation with, and participation in Centerfolds.

25.    Defendant never sought nor obtained permission to use any of the Plaintiffs' images and likenesses.

26.    Plaintiffs at no time gave Defendant permission to use their images to promote Defendant's business, services, and/or company, or for any other purpose.

27.    Defendant has never compensated any of the Plaintiffs for its unauthorized use of Plaintiffs' images or likenesses.

28.    Defendant's unauthorized use of Plaintiffs' images and likenesses is knowing, willful, and intentional.

**C.    Defendant's Unauthorized Usages of Plaintiffs' Images and Likenesses Harmed and Damaged Plaintiffs**

29.    As noted above, Plaintiffs Longoria, Pinder, and Sugden are professional models.

30.     In all prior instances of authorized commercial marketing and promotion of Plaintiffs' images, likenesses, or identities by third parties, Plaintiffs negotiated and expressly granted authority for such use pursuant to agreed upon terms and conditions and for agreed upon compensation.

31.     Defendant never hired or contracted with any of Plaintiffs to advertise, promote, market, or endorse Centerfolds.

32.     In the images used by the Defendant to promote Centerfolds and advertise upcoming events, Plaintiffs are readily identifiable in that any person seeing the images with the naked eye can reasonably determine that the persons depicted are either Plaintiffs Longoria, Pinder, or Sugden.

33.     Defendant's appropriation of Plaintiffs' images was for the purpose of advertising or soliciting patronage for Centerfolds.

34.     Defendant has never sought Plaintiffs' permission, nor did Plaintiffs give Defendant permission to use any of their images to advertise and promote Centerfolds.

35.     Defendant has never compensated Plaintiffs for any use of any of their images or likenesses.

36.     Defendant had actual knowledge that it was using Plaintiffs' images without compensation or consent. Accordingly, Defendant knowingly misappropriated Plaintiffs' images and identities in total disregard of Plaintiffs' rights.

37.     As a direct and proximate result of Defendant's exploitation of Plaintiffs' images and identities, Defendant made profits or gross revenues in an amount to be established at trial.

38.     Plaintiffs have further been damaged as a direct and proximate result of Defendant's unauthorized use, as they have lost their exclusive right to control the commercial exploitation of their names, photographs, and likenesses, resulting in damages, the total amount of which will be established by proof at trial.

## CLAIMS FOR RELIEF

### COUNT I
### Misappropriation of Likeness

39.     Plaintiffs re-state and re-allege paragraphs 1 through 38 above and incorporate the same by reference as though fully set forth herein.

40.     Each Plaintiff has a pecuniary interest in her identity.

41.     Plaintiffs have a right to control the commercial use of their names, images, and likenesses. Under Michigan law, the unauthorized exploitation of a person's identity for one's benefit is an unlawful violation of the person's rights.

42.     Defendant's use of Plaintiffs' photographs and likenesses did not occur in connection with the dissemination of news or information and was without a redeeming public interest or historical value.

43.     Defendant used Plaintiffs' images to advertise and promote events at Centerfolds.

44.     Defendant never obtained Plaintiffs' consent for the use of their images and likenesses.

45.     Defendant's use of each Plaintiff's image and identity was willful and deliberate.

46.     Defendant exploited each Plaintiff's identity for its own commercial benefit.

47.     As a direct and proximate result of Defendant's scheme to create the false impression that Plaintiffs were affiliated with and/or performed at Centerfolds, Defendants enjoyed increased revenues and profits.

48.     As a further direct and proximate result of Defendant's deliberate and willful conduct, Plaintiffs suffered actual damages in an amount to be established at trial.

**COUNT II**
**Unfair Competition / False Endorsement**
**Lanham Act, 15 U.S.C. §1125(a)**

49.     Plaintiffs re-state and re-allege paragraphs 1 through 38 above and incorporate the same by reference as though fully set forth herein.

50.     The Lanham Act provides:

> Any person who, on or in connection with any goods or services … uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which –

> > (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
> >
> > (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1).

51.    Based on the facts alleged herein, Defendant is liable to Plaintiffs for violations of the Lanham Act, 15 U.S.C. § 1125(a)(1).

52.    Plaintiffs, through their careers in modeling, advertising, and acting, have all attained a degree of fame and celebrity.

53.    Each Plaintiff enjoys a substantial social media following and has appeared in numerous publications, television shows, internet productions, and/or films.

54.    Each Plaintiff earns her living by commercializing her identity for use by reputable brands and services through arms-length negotiated transactions.

55.    Each Plaintiff possesses a valid and protectable mark in the form of her persona, image, likeness, and identity.

56.     Each Plaintiff has, and at all times mentioned herein, possessed, maintained, and safeguarded her exclusive right to control the use of her persona, image, likeness, and identity.

57.     Prior to authorizing the use of her image, likeness, or identity, each Plaintiff carefully considers the reputation of the potential client and the good or service being promoted.

58.     Without consent, Defendant placed Plaintiffs' images and likenesses on advertisements promoting Centerfolds.

59.     In Defendant's advertisements that contain Plaintiffs' images and likenesses, Plaintiffs are clearly depicted and readily identifiable.

60.     Defendant misappropriated Plaintiffs' images and likenesses in order to create the false impression that Plaintiffs are somehow affiliated with, have endorsed, or otherwise participate in Centerfolds.

61.     Defendant never sought Plaintiffs' consent to use their images or likeness.

62.     Plaintiffs have never been employed by, danced at, or affiliated themselves in any way with Centerfolds.

63.     Plaintiffs would not agree to allow their image or likeness to be used to promote Centerfolds.

64.     Defendant, at all times mentioned herein, knew or should have known that they had no right to use Plaintiffs' images or likenesses to promote Centerfolds.

65.     Defendant placed the misappropriated images on the very same marketing channels (including Facebook) used by Plaintiffs to promote themselves.

66.     Defendant's misappropriation of Plaintiffs' images is likely to cause confusion as to Plaintiffs' affiliation with, sponsorship of, and/or participation in Centerfolds.

67.     Upon information and belief, Defendant's misappropriation has caused actual confusion among consumers as to Plaintiffs' affiliation with, endorsement of, and participation in Centerfolds.

68.     Defendant knew or should have known that obtaining the right to use Plaintiffs' images and likenesses would have required consent and substantial compensation.

69.     Defendant's repeated and brazen unauthorized use of Plaintiffs' images and likenesses, without seeking their consent, constitutes willful and deliberate conduct.

70.     As a direct and proximate result of Defendant's scheme to create the false impression that Plaintiffs were affiliated with and/or performed at Centerfolds, Defendants enjoyed increased revenues and profits.

71.     As a further direct and proximate result of Defendant's deliberate and willful conduct, Plaintiffs suffered actual damages in an amount to be established at trial.

## COUNT III
### Violations of the Michigan Consumer Protection Act, M.C.L.A. 445.901, *et seq.*

72.     Plaintiffs re-state and re-allege paragraphs 1 through 38 above and incorporate the same by reference as though fully set forth herein.

73.     Defendant is a business engaged in trade or commerce as defined by MCLA §445.902.

74.     Defendant's unauthorized use of Plaintiffs' images and likenesses in connection with creating the false impression that they were affiliated with and endorsed Centerfolds violates the Michigan Consumer Protection Act.

75.     Defendant's unfair and deceptive conduct in trade or commerce violates MCLA §445.903 (1) as it:

(a) Caused and/or will likely cause consumer confusion as to Plaintiffs' sponsorship, affiliation and/or participation in Centerfolds;

(b) Represented that Defendant's business and services have sponsorship, approval and characteristics that they do not in fact have; and

(c) Advertised and represented services with the intent not to provide those services.

76.     As a direct and proximate result of Defendant's scheme to create the false impression that Plaintiffs were affiliated with and/or performed at Centerfolds, Defendant enjoyed increased revenues and profits.

77.     As a further direct and proximate result of Defendant's wrongful, intentional, and unlawful conduct, Plaintiffs suffered actual damages in an amount to be established by proof at trial.

**WHEREFORE**, Plaintiffs respectfully pray for judgment against Defendant as follows:

1.     For actual, consequential, and incidental damages in an amount to be proven at trial;

2.     For the amount due, owing and unpaid to Plaintiffs representing the fair market value of their services;

3.     For trebling of damages;

4.     For punitive damages in an amount to be proven at trial;

5.     For prejudgment interest in an amount proscribed by law;

6.     For disgorgement of Defendant's profits;

7.     For costs of this lawsuit including reasonable attorneys' fees; and

8.     For such other and further relief as to this Court seem just, proper and equitable.

## **JURY DEMAND**

Plaintiffs hereby demand trial by jury as to all issues so triable in the above matter.

Date: January 15, 2019                    Respectfully submitted,

                                          ARONOWITZ LAW FIRM PLLC

                                          s/ Edmund S. Aronowitz
                                          Edmund S. Aronowitz (P81474)
                                          **ARONOWITZ LAW FIRM PLLC**
                                          2609 Crooks Road #290
                                          Troy, Michigan 48084
                                          Telephone: (248) 716-5421
                                          Facsimile: (248) 419-1032
                                          edmund@aronowitzlawfirm.com